Filed 2/26/26  Sanders-Toledo v. MacFarland CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| TAMMY SANDERS-TOLEDO, | D085752 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 24HR028389C) |
| EMMA MACFARLAND, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Blair Soper, Judge.  Dismissed.

Emma MacFarland, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Emma MacFarland appeals from a one-year civil harassment restraining order that prevented her from harassing or contacting her neighbor, Tammy Sanders-Toledo, as well as Sanders-Toledo's husband and son.  The restraining order expired on February 9, 2026.  Because the restraining order is no longer in effect and no discretionary exception to the mootness doctrine applies, we dismiss the appeal as moot.

I.

MacFarland and Sanders-Toledo are neighbors.

In December 2024, Sanders-Toledo obtained a temporary restraining order protecting her, her husband, and her son from any harassment or contact by MacFarland.  MacFarland filed a response, supported with exhibits and a declaration, contesting the veracity of Sanders-Toledo's allegations of harassment.

The trial court held a hearing on February 10, 2025.  During the hearing, multiple witnesses testified, including the parties.  The court found Sanders-Toledo carried her burden of proof and issued a civil harassment restraining order protecting Sanders-Toledo, her husband, and her son from any harassment or contact by MacFarland.  The restraining order expired at midnight on February 9, 2026.

II.

Under Code of Civil Procedure section 527.6, subdivision (a)(1), a "person who has suffered harassment" "may seek a temporary restraining order and an order after hearing prohibiting harassment."

MacFarland claims the restraining order must be reversed because her alleged conduct "fails to meet the statutory requirements for harassment" under section 527.6.  Because we conclude the appeal is moot, however, we need not address this argument.

"If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)  Such an appeal should be dismissed unless one of the discretionary exceptions to the mootness doctrine applies: "(1) when the case presents an issue of broad public interest that is

likely to recur; (2) when there may be a recurrence of the controversy between the parties; [or] (3) when a material question remains for the court's determination." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480 [cleaned up].)

Here, it is undisputed the restraining order expired on February 9, 2026, and nothing in the record indicates the restraining order was renewed. (Cf. *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 [appeal from expired but renewed civil harassment restraining order is not moot].) Thus, MacFarland's appeal from the expired restraining order is moot. (*Environmental Charter High School*, 122 Cal.App.4th at p. 144.)

We requested supplemental briefing from MacFarland on the issue of mootness. In her supplemental brief, MacFarland contends an exception to the mootness doctrine applies because she must disclose the existence of the restraining order when applying for her primary employment as a public school substitute teacher and a children's yoga and exercise teacher. She contends the scope of the restraining order implies she undertook actions involving gun violence and physical and sexual assault despite her not having done so.

In *San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 564-565—where the appellant was facing investigation by the Ohio State Bar into his law license—we elected to reach the merits of an appeal from an expired restraining order because (1) the order "could have collateral consequences *in future proceedings*," (2) the one-year gun violence restraining order at issue was likely to evade normal appellate review, and (3) the appeal presented an issue of broad public interest concerning the admissibility of hearsay evidence in hearings on gun violence restraining order petitions. (Italics added.) But while MacFarland identifies collateral consequences of the civil

3

harassment restraining order, she does not identify any "future proceedings"—like a state bar investigation—that will be affected by her expired restraining order. Nor does she identify any issue of broad public interest raised by her appeal. MacFarland does not contend it is likely that the controversy between her and Sanders-Toledo is likely to recur. And while the short duration of this particular restraining order made it difficult to obtain timely judicial review, timely review of civil harassment restraining orders generally is not impossible to obtain given they can have a duration of up to five years. (§ 527.6(j)(1).) On these facts, the remaining authorities on which MacFarland relies are similarly distinguishable.

While we may exercise our discretion to hear a moot case, the circumstances do not warrant doing so here. We therefore dismiss the appeal as moot.

III.

We dismiss the appeal. Each party shall bear her own costs. (Cal. Rules of Court, Rule 8.278(a)(5).)


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


KELETY, J.


4